# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRYL LEON MCLEMORE, | CASE NO. 1:09-cv-00534-SMS PC |
| Plaintiff, | ORDER DENYING MOTION FOR COUNSEL, AND DISMISSING COMPLAINT, WITH LEAVE TO FILE AMENDED COMPLAINT WITHIN THIRTY DAYS |
| v. | |
| CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al., | (Doc. 1) |
| Defendants. | |

**Screening Order**

**I.    Motion for Appointment of Counsel**

Plaintiff Darryl Leon McLemore, a former state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on March 20, 2009. In his complaint, Plaintiff seeks the appointment of counsel.

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), and the Court cannot require an attorney to represent Plaintiff pursuant to 28 U.S.C. § 1915(e)(1). Mallard v. United States District Court for the Southern District of Iowa, 490 U.S. 296, 298, 109 S.Ct. 1814, 1816 (1989). However, in certain exceptional circumstances the Court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether

1  "exceptional circumstances exist, the district court must evaluate both the likelihood of success of
2  the merits [and] the ability of the [plaintiff] to articulate his claims *pro se* in light of the complexity
3  of the legal issues involved." Id. (internal quotation marks and citations omitted).
4       In the present case, the Court does not find the required exceptional circumstances. Even if
5  it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations
6  which, if proved, would entitle him to relief, his case is not exceptional. The Court is faced with
7  similar cases almost daily. Further, at this early stage in the proceedings, the Court cannot make a
8  determination that Plaintiff is likely to succeed on the merits, and based on a review of the record
9  in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. Id.
10  Accordingly, Plaintiff's motion is denied.

11  **II.      Screening Requirement**

12       The Court is required to screen complaints brought by prisoners seeking relief against a
13  governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The
14  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally
15  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek
16  monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).
17  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall
18  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a
19  claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).
20       A complaint must contain "a short and plain statement of the claim showing that the pleader
21  is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but
22  "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements,
23  do not suffice." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v.
24  Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). Plaintiff must set forth "sufficient
25  factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Iqbal, 129 S.Ct. at
26  1949 (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal
27  conclusion are not. Id. at 1949.
28  ///

### III. Plaintiff's Eighth Amendment Claim

Plaintiff brought this action while he was housed at North Kern State Prison (North Kern) in Delano, California. Plaintiff alleges that both of his feet are deformed and he is in a constant state of fluctuating pain. Following his transfer to North Kern, Plaintiff was forced to wear shoes that were too small despite his documented medical condition, and once he received orthopedic shoes, they were inadequate for his needs. Plaintiff underwent two surgeries but they were not completely successful. Plaintiff alleges that during his incarceration at North Kern, he was kept in pain and his medical needs were not met. Plaintiff alleges that his feet have been destroyed beyond repair, and he will be in pain for the rest of his life.

Plaintiff brings suit against the California Department of Corrections and Rehabilitation (CDCR). Plaintiff may not bring suit against CDCR in federal court because it is a state agency and is entitled to Eleventh Amendment immunity. Aholelei v. Dept. of Public Safety, 488 F.3d 1144, 1147 (9th Cir. 2007). Accordingly, the claim against CDCR is not cognizable.

The other named defendant is Chief Medical Officer A. Youssef. Under section 1983, Plaintiff must demonstrate that each defendant *personally* participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (emphasis added). "Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of *respondeat superior*." Iqbal at 1948. Rather, each government official, regardless of his or her title, is only liable for his or her own misconduct, and therefore, Plaintiff must demonstrate that each defendant, through his or her own individual actions, violated Plaintiff's constitutional rights. Id. at 1948-49. Plaintiff has not alleged any facts supporting a claim that Defendant Youssef was personally involved in the alleged violation of his rights, and therefore fails to state a claim.

### IV. Conclusion and Order

Plaintiff's complaint fails to state a claim under section 1983. Plaintiff is granted leave to file an amended complaint within thirty days. Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

1  Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each
2  named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights,
3  Iqbal, 129 S.Ct. at 1948-49; Jones, 297 F.3d at 934.  Although accepted as true, the "[f]actual
4  allegations must be [sufficient] to raise a right to relief above the speculative level . . . ." Twombly,
5  550 U.S. at 555 (citations omitted).

6  Plaintiff is informed that a prisoner's claim of inadequate medical care does not rise to the
7  level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the
8  'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate
9  indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett
10 v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)).  A prison official does not act in
11 a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to
12 inmate health or safety." Farmer v. Brennan, 511 U.S. 825, 834 (1994).  To state a claim, Plaintiff
13 must present factual allegations sufficient to state a plausible claim for relief. Iqbal at 1949-50;
14 Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The mere possibility of misconduct
15 falls short of meeting this plausibility standard. Id.

16 Finally, an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc.,
17 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must
18 be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.
19 Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an
20 amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand,
21 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

22 Based on the foregoing, it is HEREBY ORDERED that:

23 1. Plaintiff's motion for the appointment of counsel is DENIED;

24 2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

25 3. Plaintiff's complaint is dismissed for failure to state a claim upon which relief may
26 be granted;

27 4. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an
28 amended complaint; and

4

5. If Plaintiff fails to file an amended complaint, this action will be dismissed, with prejudice, for failure to state a claim under section 1983.

IT IS SO ORDERED.

Dated:   September 1, 2009                      /s/ Sandra M. Snyder
                                        UNITED STATES MAGISTRATE JUDGE